# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>v.<br><br>**PHUE VINH VO,**<br><br>**Defendant** | Crim. No. 19-823 (KM)<br><br>**MEMORANDUM & ORDER** |

The defendant, Phue Vinh Vo, was convicted of narcotics and money laundering offenses in the U.S. District Court for the Eastern District of Pennsylvania, and was sentenced by the Hon. Paul S. Diamond, U.S.D.J., to 97 months' imprisonment, to be followed by a 10 year term of supervised release. (E.D. Pa. Criminal Docket No. 04-767) The sentence of imprisonment has been served, and Mr. Vo is currently serving his term of supervised release.

On November 13, 2019, supervision of Mr. Vo was transferred from the Eastern District of Pennsylvania to the District of New Jersey. (DE 1) On December 3, 2021, Mr. Vo filed a sealed motion for early termination of supervised release under the above caption. (DE 2) *See* 18 U.S.C. § 3583(e). On October 14, 2022, however, supervision of Mr. Vo was transferred back to the Eastern District of Pennsylvania. (DE 4)

Recently, it has come to the Court's attention that the government has not filed a response to Mr. Vo's motion for early termination, and that the motion remained undecided when supervision was transferred back to the Eastern District of Pennsylvania. I will deny that motion without prejudice. It is properly addressed to the court that imposed the sentence, the U.S. District Court for the Eastern District of Pennsylvania.[1] In any event, I would defer, and

---

[1] The governing statute speaks in terms of "the court," which elsewhere in the section refers to the sentencing court. 18 U.S.C. § 3583(e). The case law speaks in terms of early termination at the discretion of the "sentencing judge." *See, e.g., United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020); *United States v. Alber*, No. CR 14-491(SRC), 2022 WL 1683710, at

would not, without specific statutory authorization, lightly assume the propriety of altering the sentence of a judge of coordinate jurisdiction in another district. To the extent that a judge might possess authority by virtue of sitting in the district of supervision, that consideration has lost its force in light of the intervening transfer of supervision back to the Eastern District of Pennsylvania.

## ORDER

Accordingly, IT IS this 7th day of December, 2022,

ORDERED that the motion (DE 2) is DENIED without prejudice to a reapplication in the Eastern District of Pennsylvania.

The clerk shall close the file.

/s/ Kevin McNulty

**Kevin McNulty**
**United States District Judge**

---

\*2 (D.N.J. May 25, 2022); *United States v. Ferriero,* No. CR 13-0592 (ES), 2020 WL 6701469, at \*2 (D.N.J. Nov. 13, 2020).